996 F.2d 1216
 145 L.R.R.M. (BNA) 2200
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
DWYER INDUSTRIES INCORPORATED, Respondent.
 No. 93-5735.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1993.
 
 Before: MILBURN and BOGGS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Dwyer Industries Incorporated, Camp Dennison, Ohio, its officers, agents, successors, and assigns, enforcing its order dated April 20, 1993, in Case No. 9-CA-30228, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, Dwyer Industries Incorporated, Camp Dennison, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 4
 (a) Failing and refusing to bargain with Shopmen's Local Union 522 of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO, as the exclusive collective-bargaining representative in the unit described below, by failing to adhere to the terms of the 1991-1994 collective-bargaining agreement by deducting dues and assessments from the wages of employees pursuant to the checkoff provisions set forth in section 5(a) of the agreement without remitting said dues and assessments to the Union as required by that section of the contract:
 
 
 5
 All production and maintenance employees engaged in the fabrication of iron, steel, metal and other products or in maintenance work in or about the [Respondent's] plant or plants located at Camp Dennison, Ohio and vicinity, excluding all office clerical employees, draftsmen, engineering employees, employees engaged in erection, installation or construction work, watchmen, guards and supervisors.
 
 
 6
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 8
 (a) Remit to the Union all dues and assessments which had been deducted from unit employees since November 1, 1992, as required by the 1991-1994 collective-bargaining agreement, in the manner set forth in the remedy section of the Board's decision.
 
 
 9
 (b) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 10
 (c) Post at its facility in Camp Dennison, Ohio, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 9, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 11
 (d) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 12
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 13
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 14
 WE WILL NOT fail and refuse to bargain with Shopmen's Local Union 522 of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO as the exclusive collective-bargaining representative in the unit described below, by failing to adhere to the terms of the 1991-1994 collective-bargaining agreement by deducting dues and assessments from the wages of employees pursuant to the checkoff provisions set forth in section 5(a) of the agreement without remitting said dues and assessments to the Union as required by that section of the contract:
 
 
 15
 All production and maintenance employees engaged in the fabrication of iron, steel, metal and other products or in maintenance work in or about the plant or plants located at Camp Dennison, Ohio and vicinity, excluding all office clerical employees, draftsmen, engineering employees, employees engaged in erection, installation or construction work, watchmen, guards and supervisors.
 
 
 16
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 17
 WE WILL remit to the Union all dues and assessments which had been deducted from unit employees since November 1, 1992, as required by the 1991-1994 collective-bargaining agreement.
 
 DWYER INDUSTRIES INCORPORATED
 
 18
 (Employer)
 
 
 19
 Dated __________ By ______________________________
 
 
 20
 (Representative) (Title)
 
 
 21
 This is an official notice and must not be defaced by anyone.
 
 
 22
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 550 Main Street, Room 3003, Cincinnati, Ohio 45202-3271, Telephone 513-684-3663.